UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SAMANTHA C. MILNER-KOONCE,

                Plaintiff,

  -against-                                      1:21-CV-1271 (LEK/CFH)

ALBANY CITY SCHOOL DISTRICT and
HONEYWELL LAW FIRM,

                Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Samantha C. Milner-Koonce ("Plaintiff") purported to commence this *pro se* action on November 29, 2021, by filing a complaint, Dkt. No. 1 ("Complaint" or "Compl."), and by moving the Court for leave to proceed *in forma pauperis* ("IFP"), Dkt. No. 2. On May 12, 2022, the Honorable Christian F. Hummel, United States Magistrate Judge ("Magistrate Judge"), granted Plaintiff's application to proceed IFP for the purposes of filing. Dkt. No. 5 ("Report-Recommendation" or "R. R.") at 1, 30.[1]

After reviewing Plaintiff's Complaint to determine whether *sua sponte* dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge recommended that the Court allow Plaintiff's claims for retaliation under the American with Disabilities Act ("ADA") and a violation of the Family Medical Leave Act ("FMLA") to proceed against the Albany City School District ("School District"). R. R. at 19–22, 30. The Magistrate Judge, however, recommended that Plaintiff's claims for discrimination under the ADA, for violations of the Equal Pay Act

---

[1] Although Plaintiff has been granted IFP status, she is still required to pay any costs and fees that she may incur in this matter, including, but not limited to, any copying fees or witness fees.

("EPA"), the Genetic Information Nondiscrimination Act ("GINA"), and Title VII, as well as for state law intentional infliction of emotional distress, be dismissed without prejudice and with leave to amend. Id. at 16–19, 22–25, 30. The Magistrate Judge also recommended that all claims Plaintiff has asserted against the Honeywell Law Firm ("Honeywell") be dismissed with prejudice and without leave to amend. Id. at 26–31.

On June 1, 2022, Plaintiff filed her objections to the Report-Recommendation, Dkt. No. 7 ("Objections"), and the Court accepted Plaintiff's Objections as timely, Dkt. No. 8. Plaintiff objected to eight excerpts from the Report-Recommendation's factual summary of Plaintiff's Complaint, Obj. at 1–2, and the Magistrate Judge's recommended dismissal of her claim for discrimination under the ADA, id. at 2–7. Plaintiff did not object to the Magistrate Judge's remaining recommendations. See id. at 7.

For the reasons set forth below, the Court approves and adopts the Report-Recommendation with modification, and grants Plaintiff thirty (30) days from the date of this Order to file an amended complaint to replead any claims for which leave to amend has been permitted, including her claim for discrimination under the ADA. If Plaintiff does not file an amended complaint, the Court will find that Plaintiff has abandoned those claims for which it granted leave to amend, and dismiss them accordingly, without any further order by the Court. The matter will then be returned to the Magistrate Judge for service of the original Complaint for any claims that were permitted to proceed, with all other claims stricken.

## II.  BACKGROUND

### A.  History of Plaintiff's Factual Allegations

Plaintiff's factual allegations are detailed in her Complaint, see Compl. at 6–19, and summarized in the Magistrate Judge's Report-Recommendation, see R. R. at 4–15, familiarity with which is assumed. Plaintiff has also alleged newly stated facts in her Objections, describing

her status "as an individual with a disability," Obj. at 7, none of which appear in Plaintiff's original Complaint. Should Plaintiff wish to incorporate these new factual allegations into her Complaint to support an ADA discrimination claim, Plaintiff must file an amended complaint.[2]

### B. The Magistrate Judge's Recommendations

After reviewing Plaintiff's Complaint to determine whether *sua sponte* dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge found that Plaintiff sufficiently pled claims for retaliation under the ADA and a violation of the FMLA. R. R. at 19–22. The Magistrate Judge therefore recommended that the Court allow both claims to proceed against the School District. Id. at 30.

The Magistrate Judge, however, found that Plaintiff did "not sufficiently allege[] that she is an individual with a qualified disability" and thus failed to sufficiently plead a claim for discrimination under the ADA against the School District. Id. at 18. The Magistrate Judge therefore recommended that Plaintiff's ADA discrimination claim be dismissed without prejudice and with leave to amend. Id. at 30. The Magistrate Judge similarly found that Plaintiff did not sufficiently plead claims for violations of the EPA, id. at 23, the GINA, id. at 23–24, and Title VII, id. at 22–23, as well as for intentional infliction of emotional distress under New York law, id. at 24–26. The Magistrate Judge recommended dismissal of these claims without prejudice and with leave to amend. Id. at 30.

---

[2] An amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." Int'l Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp., 434 U.S. 1014 (1978). Therefore, any amended complaint must include all of the claims and allegations Plaintiff wishes to bring against the defendants so that *the amended complaint may stand alone as the sole complaint* in this action.

Finally, the Magistrate Judge found that Plaintiff failed to sufficiently plead state-law claims for "malpractice and nonfeasance, defamation, slander and libel" against Honeywell, and recommended they be dismissed with prejudice and without leave to amend. Id. at 26–31.

### C. Plaintiff's Objections

On June 1, 2022, Plaintiff filed her Objections to the Report-Recommendation. Dkt. No. 7. The Court accepted Plaintiff's Objections as timely, Dkt. No. 8, after Plaintiff explained to the Court why she needed one extra day to file them, Dkt. No. 6.

Plaintiff objects to eight excerpts from the Report-Recommendation's factual summary of Plaintiff's Complaint and offered modifications to stand in their place. Obj. at 1–2. Only one of these modifications corrects an error in the Magistrate Judge's summary of Plaintiff's factual allegations. See Obj. at 2 (Plaintiff proposing that "Mr. Rivers responded"); see also R. R. at 9 (Magistrate Judge instead stating that "Mr. Reeves responded"); see also Compl. at 11, ¶ 14E (Plaintiff describing back-and-forth emails exchanged with Mr. Rivers, not Reeves).

Several other modifications seek to import detail from Plaintiff's Complaint back into the Magistrate Judge's summary of her factual allegations. See, e.g., Obj. at 1 (Plaintiff clarifying that Donna Lounello is an "Office Secretary"); see also R. R. at 5 (Magistrate Judge summarizing Plaintiff's allegations regarding Donna Lounello without referencing her job title); see also Compl. at 9, ¶ 13A (Plaintiff alleging that she "entered the office to inform the office secretaries [she] was leaving for an outside appointment and Mrs. Lounello inquired as to why [she] did not leave earlier[.]").

Other modifications offer new facts that did not appear in Plaintiff's Complaint. See, e.g., Obj. at 1 (Plaintiff clarifying that her grandson was diagnosed with "Impulse Disorder and Anxiety with Depression," in addition to "Attention Deficit Hyperactivity Disorder"); see also R.

4

R. at 5 (Magistrate Judge only stating that "her grandson . . . was recently diagnosed with Attention Deficit Hyperactivity Disorder"); see also Compl. at 8, ¶ 12B (Plaintiff only alleging that her grandson "has been recently diagnosed with ADHD and a learning disability"). See, e.g., Obj. at 1 (Plaintiff clarifying that she took medical leave on July 1, 2019); see also R. R. at 5 n.4 (Magistrate Judge observing that "[i]t is unclear when [P]laintiff took medical leave"); see also Compl. at 6, ¶¶ 7–8 (Plaintiff failing to clarify when Plaintiff took medical leave).

Further proposed modifications purport to correct factual errors in the Magistrate Judge's summary but originally appear in Plaintiff's Complaint. See, e.g., Obj. at 2 (Plaintiff clarifying that "[o]n October 6, 2020, [as opposed to 2021,] Mr. Rivers afforded Ms. Reeves the ability to leave work 15 to 20 minutes early every day to pick up her children."); but see Compl. at 9, ¶ 13C (alleging that on "October 6th, 2021, [as opposed to 2020,] Mr. Rivers afforded Ms. Reeves the ability to leave work 15 to 30 minutes early every day to pick up her children.").

None of the objections regarding the summary of Plaintiff's factual allegations, Obj. at 1–2, are directed at the Magistrate Judge's legal recommendations regarding which claims should be allowed to proceed and which ones should be dismissed. Of those legal recommendations, Plaintiff has only objected to one—i.e., the dismissal of her claim for discrimination under the ADA. See Obj. at 7. In arguing that she "should be allowed to proceed with her ADA Discrimination claim," id., Plaintiff newly offers detailed factual allegations regarding her disabilities and health history, see id. at 3, ¶ A ("anxiety and depression"), see id. at 3, ¶ B ("Blood Clotting Disorder," "Deep Vein Thrombosis," "Pulmonary Embolism," and "Arteria Fibrillation"), and the complications from her May 17, 2018, work-related injury, see id. at 3, ¶ C et seq. These detailed factual allegations did not appear in Plaintiff's original Complaint. See Compl. 6–19.

Plaintiff does not object to the Magistrate Judge's remaining recommendations allowing her to pursue claims against the School District for retaliation under the ADA and a violation of the FMLA, dismissing her claims against the School District for violations of the EPA, the GINA, and Title VII, as well as for intentional infliction of emotional distress under New York law, and dismissing her various state-law claims against Honeywell. See id. at 7.

### III. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]"). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### IV. DISCUSSION

Plaintiff filed her Objections to the Report-Recommendation on June 1, 2022, Dkt. No. 7, one day after they were due to the Court. See R. R. at 31 n.11 (allowing Plaintiff, a *pro se* litigant, seventeen days, as opposed to fourteen, to serve and file her objections, and noting that "[i]f the last day of that prescribed period falls on a . . . legal holiday, then the deadline is

6

extended until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Despite the one-day delay, the Court accepted Plaintiff's Objections as timely, Dkt. No. 8, after Plaintiff explained to the Court why she needed one extra day to file them, Dkt. No. 6.[3] Given that Plaintiff's Objections were timely filed, the Court must "make a de novo determination of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b).

### A. Plaintiff Does Not Sufficiently Plead an ADA Discrimination Claim in Her Complaint Under Section 1915, Warranting *Sua Sponte* Dismissal

The only recommendation to which Plaintiff objects is the proposed dismissal of her ADA discrimination claim. After reviewing the facts alleged in Plaintiff's Complaint in conjunction with the governing law regarding *sua sponte* dismissals under 28 U.S.C. § 1915(e)(2)(B),[4] the Court finds that Plaintiff's Complaint does not sufficiently plead an ADA discrimination claim and adopts the recommendation that it be dismissed without prejudice and with leave to amend.[5]

Since Plaintiff is proceeding *pro se*, the Court is under an obligation to "dismiss [her] case at any time if the [C]ourt determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[3] See generally LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (observing that *pro se* litigants "should be granted special leniency regarding procedural matters.").

[4] Courts within the Second Circuit regularly construe 28 U.S.C. § 1915 as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002). The Second Circuit regularly applies 28 U.S.C. § 1915(e)(2)(B) to review *sua sponte* dismissals of claims brought by non-prisoner *pro se* litigants. See, e.g., Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018); Milan v. Wertheimer, 808 F.3d 961, 963 (2d Cir. 2015).

[5] Plaintiff may file an amended complaint within thirty (30) days of this Order incorporating the newly stated facts from her Objections and any other facts necessary for sufficiently pleading an ADA discrimination claim.

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (cleaned up). An action "is malicious if it was filed with the intention or desire to harm another." Tafari v. Hues, 473 F.3d 440, 442 (2d Cir. 2007) (quoting Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005)). Separately, the action fails to state a claim when the complaint does not "plead 'enough facts to state a claim to relief that is plausible on its face.'" Hardaway, 879 F.3d at 489 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court accepts as true all facts described in the complaint but need not accept "conclusory allegations or legal conclusions couched as factual . . . allegations." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Rothstein v. UBS AG, 708 F.3d 82, 94 (2d Cir. 2013)).

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704–05 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege

8

any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

To sufficiently plead a claim for discrimination under the ADA,[6] a plaintiff must allege facts showing that:

> (1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of [her] disability or perceived disability.

Kinneary v. City of N.Y., 601 F.3d 151, 155–56 (2d Cir. 2010) (cleaned up). To show that a "plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA," id., "a plaintiff must demonstrate that . . . she suffers from a physical or mental impairment that 'substantially limits one or more major life activities.'" Wega v. Ctr. for Disability Rts., No. 06-CV-6375, 2009 WL 3199684, at *7 (W.D.N.Y. Sept. 30, 2009) (quoting 42 U.S.C. § 12102(2)(A)), aff'd 395 F. App'x 782 (2d Cir. 2010) (summary order). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "The

---

[6] There is no indication in Plaintiff's Complaint that her claim for discrimination under the ADA is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff's factual contentions, Compl. at 6–19, are detailed and "not clearly baseless," and her claim for discrimination under the ADA is based on a well-accepted legal theory. See Livingston, 141 F.3d at 437. The Court is unaware of any circumstance suggesting that Plaintiff brought this claim "with the intention or desire to harm another." Tafari, 473 F.3d at 442 (2d Cir. 2007). Therefore, the Court centers its analysis on whether Plaintiff "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

mere presence of a medical condition does not establish that a plaintiff is disabled." O'Donnell v. King B 100, LLC, No. 14-CV-1345, 2016 WL 7742779, at *9 (N.D.N.Y. May 3, 2016). "In addition, it is well settled that temporary impairments with little or no long-term permanent impact are not disabilities under the ADA." Id. "Such temporary or 'transitory' impairments are defined 'as lasting six months or less.'" Crosby v. McDonald's of Guilderland, LLC, No. 1:17-CV-1160, 2018 WL 2077884, at *3 (N.D.N.Y. May 2, 2018) (quoting 42 U.S.C. § 12102(3)(B)).

Although "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor," the Court is not required to accept unsupported allegations. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.1994) (cleaned up). Plaintiff summarily asserts that she is "a qualified individual with a disability" and the "School District is aware of [her] disability." Compl. at 6. In her Complaint,[7] Plaintiff does not explain what her disability is, whether she has a diagnosis for an impairment, or how such disability substantially limits a major life activity. See id. 6–19; see also Peoples v. Leon, No. 9:18-CV-1349, 2019 WL 13158025, at *6 (N.D.N.Y. Feb. 19, 2019) (Kahn, J.) (*sua sponte* dismissing a plaintiff's ADA discrimination claim because "nowhere" in the complaint did the plaintiff "allege[] that he has a qualified disability as defined by . . . statute."). Plaintiff merely states that (1) she had hip surgery and "hip related issue[s]" that caused pain in her knees and shins and required her to take medical leave on numerous occasions, (2) the School District knew of her disability and granted her medical leave, and (3) she was required to attend physical therapy and provided the School District with the prescription. Compl. at 6–9, 18. However, despite these

---

[7] Plaintiff's Complaint is the operative document that will ultimately provide the School District with notice of the nature of the claims against it, not the Plaintiff's Objections. The Court may not consider factual allegations that do not appear in Plaintiff's Complaint when evaluating the sufficiency of her claims under Section 1915.

alleged issues, Plaintiff does not allege interference with her ability to work, walk, care for herself, or some other major life activity anywhere in her Complaint. See 42 U.S.C. § 12102. As Plaintiff has not sufficiently alleged that she is an individual with a qualified disability, nor that the School District took adverse action against her "because of [her] disability or perceived disability," Kinneary, 601 F.3d at 156, her ADA discrimination claim should be dismissed.

The Court, however, grants leave to amend because "justice so requires." Fed. R. Civ. P. 15(a)(2); see also Branum v. Clark, 927 F.2d 698, 704–05 (2d Cir. 1991) (observing that a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated."). The newly stated facts in Plaintiff's Objections suggest that Plaintiff may have a viable claim for discrimination under the ADA against the School District, should she incorporate those newly stated facts, and others, into an amended complaint. In her Objections, Plaintiff offers detailed factual allegations regarding her disabilities and health history, see id. at 3, ¶ A ("anxiety and depression"), see id. at 3, ¶ B ("Blood Clotting Disorder," "Deep Vein Thrombosis," "Pulmonary Embolism," and "Arteria Fibrillation"), and the complications from her May 17, 2018, work-related injury, see id. at 3, ¶ C et seq. It is possible that a better pleading may cure the insufficiency of her originally stated ADA discrimination claim, although the Court reserves judgment on that future question.

### B. Plaintiff's Objections Regarding the Magistrate Judge's Factual Summary of Her Factual Allegations Are Immaterial

Plaintiff also objected to eight excerpts from the Report-Recommendation's factual summary of Plaintiff's Complaint and offered modifications to stand in their place. Obj. at 1–2. Only one of these modifications corrects an error in the Magistrate Judge's summary of Plaintiff's factual allegations. See supra at 4. There is no indication from the Report-

Recommendation or from Plaintiff's Objections that the Magistrate Judge's naming error affected the merits of his legal analysis regarding which claims should be dismissed and which should be allowed to proceed, but for the sake of clarity, the Court orders that Plaintiff's "Modification 5," which replaces "Mr. Reeves" with "Mr. Rivers," be adopted.

The Court rejects the remaining modifications, which either (1) import detail from Plaintiff's Complaint back into the Magistrate Judge's high-level summary of her factual allegations; (2) offer new facts that did not appear in Plaintiff's Complaint; or (3) purport to correct factual errors in the Magistrate Judge's summary but originally appear in Plaintiff's Complaint. See supra at 4–5. Plaintiff may file an amended complaint that incorporates any newly stated facts that are relevant to her claims and corrects any factual inconsistencies that appear in her original Complaint.

### C.  The Magistrate Judge Did Not Clearly Err in His Remaining Recommendations

Plaintiff did not object to the Magistrate Judge's remaining recommendations. The Court reviews those recommendations for clear error and finds none.

### V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 5, is **APPROVED and ADOPTED** with the above **modification**; and it is further

**ORDERED**, that Plaintiff's claims for retaliation under the ADA and a violation of the FMLA proceed against the School District; and it is further

**ORDERED**, that Plaintiff's claims against the School District for discrimination under the ADA, violations of the EPA, the GINA, and Title VII, and state law intentional infliction of emotional distress be **DISMISSED without prejudice** and **with leave to amend**; and it is further

**ORDERED,** that the claims against Honeywell be **DISMISSED with prejudice** and **without leave to amend**; and it is further

**ORDERED**, that if Plaintiff does not file an amended complaint within thirty (30) days from the entry of this Memorandum-Decision and Order, the Court will find that Plaintiff abandoned those claims for which leave to amend has been granted, and will dismiss them accordingly, without any further order by the Court; the matter will then be returned to the Magistrate Judge for service of the original Complaint for any claims that were permitted to proceed, with all other claims stricken; and it is finally

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 29, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge