UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SAMANTHA C. MILNER-KOONCE,

                        Plaintiff,

   -against-                                     1:21-CV-1271 (LEK/CFH)

ALBANY CITY SCHOOL DISTRICT, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff Samantha C. Milner-Koonce commenced this action on November 29, 2021, by filing a complaint, Dkt. No. 1 ("Complaint"), and by moving the Court for leave to proceed in forma pauperis ("IFP"), Dkt. No. 2. In a Report-Recommendation and Order dated May 12, 2022, Dkt. No. 5 ("May 2022 Report-Recommendation"), the Honorable Christian F. Hummel, United States Magistrate Judge: (1) granted Plaintiff's application to proceed IFP; (2) ordered that Plaintiff's Americans with Disabilities Act ("ADA") retaliation claim and Family Medical Leave Act ("FMLA") claim against the Albany City School District ("School District") proceed; (3) recommended that Plaintiff's claims against the School District for discrimination under the ADA, for violations of the Equal Pay Act ("EPA"), the Genetic Information Nondiscrimination Act ("GINA"), and Title VII, as well as for state law intentional infliction of emotional distress, be dismissed without prejudice and with leave to amend; and (4) recommended that all claims against the Honeywell Law Firm be dismissed with prejudice and without leave to amend. Plaintiff filed objections to the May 2022 Report-Recommendation, see Dkt. No. 7, and on June 29, 2022, this Court approved and adopted the May 2022 Report-

Recommendation after undertaking a de novo review of the portions of the May 2022 Report-Recommendation to which Plaintiff objected, Dkt. No. 9 ("June 2022 Order").[1]

On July 26, 2022, Plaintiff filed an amended complaint, wherein she newly named five individuals employed by the School District as defendants: (1) Kaweeda Adams, the Superintendent of the School District; (2) Lori McKenna, the "Assistant Superintendent of Middle Schools"; (3) Matthew Petrin, a Human Resources Administrator; (4) Andrea West, a Human Resources Assistant Administrator; and (5) William Rivers, the Stephen and Harriet Myers Middle School Principal (collectively, "Individual Defendants"). Dkt. No. 10 ("Amended Complaint") at 2, 27. In a Report-Recommendation and Order dated October 13, 2022, Dkt. No. 11 ("October 2022 Report-Recommendation"), Judge Hummel: (1) recommended that Plaintiff's ADA claims against the Individual Defendants be dismissed with prejudice and without leave to amend; (2) recommended that Plaintiff's Title VII, GINA, and New York City Human Rights Law ("NYCHRL") claims against the School District and Individual Defendants be dismissed with prejudice and without leave to amend; (3) recommended that Plaintiff's claims against Adams, McKenna, and Petrin be dismissed without prejudice and with leave to amend; and (4) recommended that all other claims be permitted to proceed.

Plaintiff timely objected to the recommendation that her FMLA claims against Adams, McKenna, and Petrin be dismissed, Dkt. No. 14 ("Plaintiff's Objections" or "Objections") at 1–5, and the recommendation that Plaintiff's New York State Human Rights Law ("NYSHRL")

---

[1] The Court also ordered that a slight modification be made to Judge Hummel's summary of Plaintiff's factual allegations in the May 2022 Report-Recommendation and Order. See June 2022 Order at 11–12. It should be noted, however, that the naming error identified by Plaintiff in her objections (and corrected by the Court in the June 2022 Order) did not "affect[] the merits of [Judge Hummel's] legal analysis regarding which claims should be dismissed and which should be allowed to proceed . . . ." Id. at 12.

claims against Adams, McKenna, and Petrin be dismissed, id. at 6–7.[2] Plaintiff did not object to Judge Hummel's other recommendations. See id. at 1, 5. For the reasons set forth below, the Court approves in part and rejects in part the October 2022 Report-Recommendation.

## II. BACKGROUND

### A. Plaintiff's Factual Allegations

The Court assumes familiarity with Plaintiff's factual allegations, see Am. Compl. at 3–39, which Judge Hummel summarized in his October 2022 Report-Recommendation, see Oct. 2022 R. & R. at 5.

### B. Plaintiff's Objections to Judge Hummel's Recommendations

Plaintiff directs her first objection to the recommendation that Plaintiff's FMLA claims against Adams, McKenna, and Petrin be dismissed. Pl.'s Objs. at 1–5. In recommending dismissal of these FMLA claims, Judge Hummel found that Plaintiff failed to sufficiently allege in her Amended Complaint that Adams, McKenna, or Petrin had any control over the aspects of Plaintiff's employment that she contends were violated, such as her pay, work responsibilities, requests for medical leave, and transfer. Oct. 2022 R. & R. at 15–16. In her Objections, Plaintiff argues they did have substantial control over the contested aspects of her employment, and offers additional allegations "clarif[ying]" that control. Pl.'s Objs. at 5.

---

[2] Plaintiff also purports to object to pages 31 to 32 of the October 2022 Report-Recommendation, see Pl.'s Objs. at 6, wherein Judge Hummel recommended that Plaintiff's NYSHRL claims should proceed against Rivers and West, see Oct. 2022 R. & R. at 31–32. However, on the very same page of her Objections, Plaintiff makes clear that she wishes for her NYSHRL claims against Rivers and West to proceed. See Pl.'s Objs. at 6. Accordingly, the Court finds that Plaintiff does not actually object to the recommendation that her NYSHRL claims against Rivers and West should proceed. Plaintiff only objects to the recommendation that her NYSHRL claims against Adams, McKenna, and Petrin be dismissed.

Plaintiff directs her second objection to the recommendation that Plaintiff's NYSHRL claims against Adams, McKenna, and Petrin be dismissed. Id. at 6–7. In recommending dismissal of these NYSHRL claims, Judge Hummel found that the Amended Complaint failed to "allege that Ms. Adams, Ms. McKenna, or Mr. Petrin had the authority to hire or fire plaintiff, directly participated in the allegedly discriminatory or retaliatory conduct, or that they had the authority to intervene and failed to do so . . . ." Oct. 2022 R. & R. at 30–31. In her Objections, Plaintiff argues that Adams, McKenna, and Petrin did have the authority to intervene but failed to do so. See Pl.'s Objs. at 7 ("All of these individuals were given the opportunity to do the right thing and correct a grave wrong but chose not to get involved . . . ."). She emphasizes that Adams, McKenna, and Petrin knew of the wrongs committed by West and Rivers, see id. at 6–7, and offers new allegations clarifying Adams, McKenna, and Petrin's supervisory authority over West and Rivers, id. at 7 ("[Adams] is the [s]upervisor of . . . McKenna[] and Mr. Petrin. [] McKenna is the supervisor of [] Rivers[,] and [] Petrin is the supervisor of [] West.").

## III.  STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Edwards v. Fischer, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); see also Urena v. People of State of N.Y., 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001). Clear error "is present when upon review of the entire record, the court is left

4

with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). "A district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

## IV.    DISCUSSION

Given that Plaintiff's Objections were timely filed, the Court must "make a de novo determination of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b).

### A. Plaintiff's Objection to the Recommended Dismissal of Her FMLA Claims Against Adams, McKenna, and Petrin

In his October 2022 Report-Recommendation, Judge Hummel found that Plaintiff failed to sufficiently allege in her Amended Complaint that Adams, McKenna, or Petrin had control over the aspects of Plaintiff's employment that she contends were violated, such as her pay, work responsibilities, requests for medical leave, and transfer. Oct. 2022 R. & R. at 15–16. Accordingly, Judge Hummel recommended that the Court dismiss Plaintiff's FMLA claims against Adams, McKenna, and Petrin pursuant to 28 U.S.C. § 1915(e)(2)(B). In her Objections, Plaintiff argues they did have control over the contested aspects of her employment, and offers additional allegations "clarif[ying]" their control. Pl.'s Objs. at 5.

As an initial matter, the Court reiterates that objections to a report-recommendation are not an opportunity for a plaintiff to add new allegations to her complaint. See June 2022 Order at 10 n.7 ("The Court may not consider factual allegations that do not appear in Plaintiff's Complaint when evaluating the sufficiency of her claims under Section 1915."). Therefore, the Court will only assess the allegations Plaintiff provided in her Amended Complaint to determine whether she fails to state FMLA claims against Adams, McKenna, and Petrin, such that the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i). An action fails to state a claim on which relief may be granted when the complaint does not "plead 'enough facts to state a claim to relief that is plausible on its face.'" Hardaway v. Hartford Pub. Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In reviewing the complaint, the court 'accepts as true all factual allegations in the complaint' and draws inferences from these allegations in the light most favorable to the plaintiff." Osuch v. Gregory, 303 F. Supp. 2d 189, 192 (D. Conn. 2004) (quoting Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000)). If the plaintiff who filed the complaint is a pro se litigant, then the court has an additional duty to construe the complaint liberally. See Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). In light of this, courts should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

"Section 2615(a)(1) of the FMLA states that '[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.'" Potenza v. City of N.Y., 365 F.3d 165, 167 (2d Cir. 2004) (quoting 29 U.S.C. § 2615(a)(1)). The regulations promulgated pursuant to the FMLA explain that (1) "'[i]nterfering' with the exercise of an employee's rights would include, for example, not only

6

refusing to authorize FMLA leave, but discouraging an employee from using such leave," and that (2) "[a]n employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave." Id. (quoting 29 C.F.R. § 825.220(b), (c)) (alterations in original).

Accordingly, "FMLA claims [often] come in . . . two varieties: interference and retaliation." Woods v. START Treatment & Recovery Ctrs., Inc., 864 F.3d 158, 166 (2d Cir. 2017). To state a claim of interference with one's FMLA rights, a plaintiff must plausibly allege:

> 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA.

Graziadio v. Culinary Inst. of Am., 817 F.3d 415, 424 (2d Cir. 2016). To state a claim of retaliation for exercising one's rights under the FMLA, a plaintiff must plausibly allege that: "1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent." Potenza, 365 F.3d at 168.

No matter the nature of the FMLA claim, "[a]n individual may be held liable under the FMLA only if she is an 'employer,' which is defined as encompassing 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer[.]'" Graziadio, 817 F.3d at 422 (quoting 29 U.S.C. § 2611(4)(A)(ii)(I)) (citing 29 C.F.R. § 825.104(d)). The Second Circuit has framed this inquiry as "whether the alleged employer possessed the power to control the worker[] in question, with an eye to the 'economic reality' presented by the facts of each case." Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999) (internal citations omitted). To answer this inquiry, courts consider "a

7

nonexclusive and overlapping set of factors," Zheng v. Liberty Apparel Co., 355 F.3d 61, 75 (2d Cir. 2003), intended to "encompass[] the totality of circumstances," Herman, 172 F.3d at 139. These factors include: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 (2d Cir. 1984)). "No one of the four factors standing alone is dispositive, and any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition." Graziadio, 817 F.3d at 422–23 (cleaned up). "In the FMLA context, courts assessing the economic reality of an employment relationship have construed this test as asking essentially whether the putative employer 'controlled in whole or in part plaintiff's rights under the FMLA.'" Id. at 423 (citation omitted).

Some courts in the Second Circuit "applying the [economic reality] test have noted that it 'is a factual inquiry that does not bear on the sufficiency of pleadings.'" Ziccarelli v. NYU Hosps. Ctr., 247 F. Supp. 3d 438, 446 (S.D.N.Y. 2017) (quoting Smith v. Westchester Cnty., 769 F. Supp. 2d 448, 475 (S.D.N.Y. 2011)). Therefore, "to survive a motion to dismiss, Plaintiff need not allege sufficient facts to satisfy the economic reality test; instead, he must simply 'plead that the . . . [i]ndividual [d]efendants had substantial control over the aspects of employment alleged to have been violated.'" Smith, 769 F. Supp. 2d at 475–76 (quoting Augustine v. AXA Fin., Inc., No. 07-CV-8362, 2008 WL 5025017, at *4 (S.D.N.Y. Nov. 24, 2008)).

In her Amended Complaint, Plaintiff alleges that "[a]ny member [of the teachers' union] who is being considered for a transfer initiated by the District may request an appointment with the Superintendent, or his/her designee, to discuss the matter prior to a final determination." Am. Compl. at 36 ¶ 157. Plaintiff also states that employees like herself are entitled "to dispute the

transfer or negotiate a pay raise with the Superintendent . . . ." Id. at 41 ¶ 194. Plaintiff also alleges that Rivers told Plaintiff "to reach out to Mr. Petrin in HR if Plaintiff wanted to discuss" whether her increase in job responsibilities should be accompanied with a pay raise since it "was an HR issue . . . ." Id. at 10 ¶ 39.

It is possible that Plaintiff's allegations about Adams' supervisory control over Plaintiff's pay and transfer may satisfy the lenient pleading standard for "substantial control" set forth in Ziccarelli and Smith. The same can be said for Plaintiff's allegation that Petrin was the next higher-up she could appeal to after Rivers if she was not satisfied with her stagnant pay and increased work responsibilities. Accordingly, the Court rejects Judge Hummel's recommendation that Plaintiff's FMLA claims against Adams and Petrin be dismissed solely on the ground that Plaintiff failed to allege control over the adverse employment actions possibly giving rise to Plaintiff's FMLA claims. In allowing the FMLA claims against Adams and Petrin to proceed, the Court expresses no opinion as to whether such claims will ultimately withstand a properly filed dispositive motion.

As for Plaintiff's FMLA claim against McKenna, the Court adopts Judge Hummel's recommendation that it be dismissed without prejudice for Plaintiff's failure to allege McKenna's control over any of the contested aspects of Plaintiff's employment. All Plaintiff offers in her Amended Complaint about McKenna's control is that McKenna was the "Assistant Superintendent of Middle Schools," id. at 27 ¶ 109, and that Rivers copied McKenna, among several others, on an email sharing his counseling memorandum regarding Plaintiff's employment, see id. at 27 ¶ 109, 28 ¶ 117, 29 ¶ 123. The Court will not infer an additional allegation that McKenna substantially controlled any of the alleged adverse employment actions possibly giving rise to Plaintiff's FMLA claims based on these facts alone. Accordingly,

9

Plaintiff's FMLA claim against McKenna is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and with leave to amend.

### B. Plaintiff's Objection to the Recommended Dismissal of Her NYSHRL Claims Against Adams, McKenna, and Petrin

In his October 2022 Report-Recommendation, Judge Hummel found that the Amended Complaint failed to "allege that Ms. Adams, Ms. McKenna, or Mr. Petrin had the authority to hire or fire plaintiff, directly participated in the allegedly discriminatory or retaliatory conduct, or that they had the authority to intervene and failed to do so . . . ." Oct. 2022 R. & R. at 30–31. Accordingly, Judge Hummel recommended that the Court dismiss Plaintiff's NYSHRL claims against Adams, McKenna, and Petrin pursuant to 28 U.S.C. § 1915(e)(2)(B). In her Objections, Plaintiff argues that Adams, McKenna, and Petrin did have the authority to intervene but failed to do so. See Pl.'s Objs. at 7 ("All of these individuals were given the opportunity to do the right thing and correct a grave wrong but chose not to get involved . . . ."). She emphasizes that Adams, McKenna, and Petrin knew of the wrongs committed by West and Rivers, see id. at 6–7, and offers new allegations clarifying Adams, McKenna, and Petrin's supervisory authority over West and Rivers, id. at 7 ("[Adams] is the [s]upervisor of . . . McKenna[] and [] Petrin. [] McKenna is the supervisor of [] Rivers[,] and [] Petrin is the supervisor of [] West.").

Again, the Court notes that filing objections to a report-recommendation is not an opportunity for a plaintiff to amend new allegations to her complaint. Therefore, the Court will only examine the allegations Plaintiff provided in her Amended Complaint to determine whether she fails to state NYSHRL claims against Adams, McKenna, and Petrin, such that the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

"Historically," federal courts applying the NYSHRL found that "liability for employment discrimination could be imposed on an individual 'if the individual qualifies as an "employer."'"

10

Belyea v. City of Glen Cove, No. 20-CV-5675, 2023 WL 1929787, at *2–3 (E.D.N.Y. Feb. 10, 2023) (quoting Bonaffini v. City Univ. of N.Y., No. 20-CV-5118, 2021 WL 2895688, at *2 (E.D.N.Y. July 9, 2021)); see also Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 57 (2d Cir. 2012) ("Under [the NYSHRL], an individual is properly subject to liability for discrimination when that individual qualifies as an 'employer.'" (quoting N.Y. Exec. Law § 296(1))); Lore v. City of Syracuse, 670 F.3d 127, 169 (2d Cir. 2012) ("Under the [NYSHRL] . . . liability for employment discrimination may be imposed on individuals."). However, in Doe v. Bloomberg, L.P., the New York Court of Appeals rejected this broader interpretation of the word "employer" under the NYSHRL, and clarified that the NYSHRL "does not render employees liable as individual employers." 36 N.Y.3d 450, 458 (N.Y. 2021) (citing Patrowich v. Chemical Bank, 63 N.Y.2d 541, 543–44 (N.Y. 1984)); accord Bueno v. Eurostars Hotel Co., S.L., No. 21-CV-0535, 2022 WL 95026, at *7 (S.D.N.Y. Jan. 10, 2022) ("Under a recent decision by the New York Court of Appeals, a corporate employee—even its owner and CEO—no longer qualifies as an 'employer' under [the New York City Human Rights Law and NYSHRL]."). Since 2021, some courts in the Second Circuit have extended Bloomberg, L.P.'s reasoning to the public employment context. See, e.g., Stevenson v. N.Y.S. Dep't of Corr., No. 21-CV-0355, 2022 WL 179768, at *21 (W.D.N.Y. Jan. 20, 2022); Bonaffini, 2021 WL 2895688, at *2. Accordingly, under the "narrow meaning of employer under the [NYSHRL]," Bloomberg, L.P., 36 N.Y.3d at 458, Adams, McKenna, and Petrin cannot be held individually liable as employers. All three are employees of the School District under New York state law and therefore were not Plaintiff's employer for the purposes of Plaintiff's NYSHRL claims. Cf. Belyea, 2023 WL 1929787, at *3.

However, this does not mean that Adams, McKenna, and Petrin are categorically immune from liability. "[U]nder the NYSHRL, individual employees may [still] be liable for aiding and

11

abetting discriminatory conduct." Bueno, 2022 WL 95026, at *7 (citing N.Y. Exec. Law § 296(6)). Under a theory of aiding and abetting, "it is unlawful 'for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under [the NYSHRL], or to attempt to do so.'" Livingston v. City of N.Y., 563 F. Supp. 3d 201, 256 (S.D.N.Y. 2021) (quoting N.Y. Exec. Law § 296(6)). "The Second Circuit has held that 'this language allow[s] a co-worker who actually participates in the conduct giving rise to a discrimination claim to be held liable under the NYSHRL . . . .'" Id. (alteration in original) (quoting Feingold v. New York, 366 F.3d 138, 158 (2d Cir. 2004)). "A supervisor's failure to take adequate remedial measures in response to a complaint of discrimination has been deemed 'actual participation' under NYSHRL § 296(6)." Imperato v. Otsego Cnty. Sheriff's Dep't, No. 13-CV-1594, 2016 WL 1466545, at *28 (N.D.N.Y. Apr. 14, 2016) (cleaned up). "The same principle applies to . . . hostile work environment claim[s] . . . ." Id.

In her Amended Complaint, Plaintiff alleges that in early April 2021, Rivers shared a counseling memorandum regarding Plaintiff's employment with Adams, McKenna, and Petrin. See id. at 27 ¶ 109, 28 ¶ 117, 29 ¶ 123. Plaintiff also states that, shortly thereafter, she made Adams, Petrin, and McKenna aware of her concerns and complaints of bullying, harassment, defamation, unfair pay, and discriminatory acts based on her disability, see Am. Compl. at 28 ¶ 120, 34 ¶ 151, but that nothing was done to rectify the situation. Elsewhere in the Amended Complaint, Plaintiff states that the complained-of acts occurred "under the supervision of . . . McKenna [and] Petrin," Am. Compl. at 8 ¶ 29, and that Adams had supervisory authority over key employment decisions in the School District, see id. at 41 ¶ 194.

Viewing the above facts in a light most favorable to Plaintiff, the Court finds that they could support an inference that Adams, McKenna, and Petrin supervised Plaintiff but failed to

take adequate remedial measures in response to her complaints of discrimination and a hostile work environment. Given that a supervisor's failure to take adequate remedial measures in response to complaints of discrimination and a hostile work environment may be deemed "actual participation" for the purposes of aiding and abetting under the NYSHRL, see Imperato, 2016 WL 1466545, at *28, the Court thus rejects Judge Hummel's recommendation that Plaintiff's NYSHRL claims against Adams, McKenna, and Petrin be dismissed on the basis that they did not participate in the complained-of conduct forming the basis of her NYSHRL claims. However, in allowing these individual NYSHRL claims to proceed, the Court expresses no opinion as to whether such claims will ultimately withstand a properly filed dispositive motion.

### C. Plaintiff Does Not Object to Any Other Recommendation

Plaintiff did not object to Judge Hummel's remaining recommendations in the October 2022 Report-Recommendation. The Court reviews those recommendations for clear error and finds none.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 11) is **ADOPTED in part** and **REJECTED in part**; and it is further

**ORDERED**, that Plaintiff's ADA claims against the Individual Defendants and Title VII, GINA, and NYCHRL claims against the School District and Individual Defendants be **DISMISSED with prejudice and without leave to amend**; and it is further

**ORDERED**, that Plaintiff's FMLA claim against Lori McKenna be **DISMISSED without prejudice and with leave to amend**; and it is further

**ORDERED**, that all other claims survive initial review and require a response; and it is further

**ORDERED**, that if Plaintiff does not file a second amended complaint within **thirty (30) days** from the entry of this Memorandum-Decision and Order, the Court will find that Plaintiff abandoned her FMLA claim against McKenna for which leave to amend has been granted, and will dismiss it accordingly, without any further order by the Court; the matter will then be returned to Judge Hummel for service of the Amended Complaint for the claims that survived initial review, with all other claims deemed stricken; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 1, 2023
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge